ROBERT L. BLAND, Judge.
In this case Ida Mae King seeks an award of $25,000.00 to compensate her for personal injuries alleged to have been sustained on a secondary highway known as state route No. 79, leading from the Appalachian Power Plant at the mouth of Cabin Creek on Kanawha river, near "Cabin Creek Junction in Kanawha county, West Virginia and running and extending upon said Cabin Creek for a distance of several miles to the town of Leewood in said Kanawha county. Said road is paved and is sixteen feet in width. It is extensively used for both vehicular and pedestrian traffic.
Claimant maintains that on said highway there are several bridges, including a culvert or bridge thereon which crosses what is known and designated as Bears Creek or Ohley Hollow, a tributary of Cabin Creek, at or near the town of Ohley in said Kanawha county.
Claimant and her husband reside in a small cottage in said village or town of Ohley, a short distance from said culvert or bridge. About a quarter of a mile from the home of claimant and across said culvert or bridge a gentleman by the name of Stone lives, where he discharges the duties of a barber for the accommodation and benefit of his neighbors and friends.
On the evening of August Bl, 1946, claimant’s husband had gone to the home of Mr. Stone for the purpose of *109 having his hair cut. While he was there claimant concluded to go over to the house to obtain milk and butter. The highway is comparatively straight, conducive to speed of motor vehicles traveling on the road in both directions in the vicinity of the bridge or culvert. This fact was particularly observed when the members of the court inspected the location of the point at which claimant’s accident occurred. When claimant got perhaps halfway over said bridge or culvert two automobiles approached from opposite directions. The light from the vehicle traveling in the direction of Ohley was so brilliant that it seemingly dazed and blinded her. For the purpose of safety and to avoid accident claimant, who was walking on the left side of the highway, stepped as she thought off the pavement of the road and fell for a distance of some seven or eight feet into the creek or run spanned by the culvert or bridge, suffering painful personal injuries. She was conveyed by ambulance to a hospital in the city of Charleston where she remained for a period of thirteen days. Upon her arriva' at the hospital she was placed in a cast which she was obliged to wear for five weeks. After the removal of this cast she was provided with a brace which she was wearing at the time of the hearing before this court. There can be no doubt about the fact that claimant was seriously injured and suffered a severe nervous shock.
In her petition claimant charges that the state road commission failed to provide guardrails or any other means of protection for pedestrians traveling on the highway culvert or bridge, although the said culvert or bridge had been made for the purpose and use of persons who found it necessary to travel on said highway. She also charges that the road commission failed to provide a wide shoulder or berm sufficient in which to permit and allow pedestrians to step off the paved portion thereof to permit oncoming vehicular traffic to pass. Claimant prosecutes her claim against the road commission on the ground of its alleged negligence in the premises.
As above indicated the members of the court visited the *110 scene of the accident and made careful inspection of the road, the bridge or culvert and the general surroundings. We are unable in view of the evidence presented in support of the claim and our personal observations to recommend to the Legislature an appropriation in favor of claimant to compensate her on account of her accident and suffering. It was apparent to us at the time we inspected the culvert, and as shown by the engineer who testified upon the hearing on behalf of claimant, that there was sufficient berm on either side of the pavement of the road on which claimant could have stepped and been out of the way of either approaching car. We are unable to perceive any negligence on the part of the road commission either in the construction or maintenance of said bridge or culvert.
In view of recent decisions of the Supreme Court of Appeals relative to the responsibility of the state and the extent to which the Legislature is authorized to appropriate public funds to compensate persons by way of damages resulting from accidents on the highways of the state, we are unable upon due consideration of all of the evidence before the court in the present case to make an award in favor of claimant.
An award is therefore denied and the claim dismissed.